# EXHIBIT 5



89 Headquarters Plaza North
Suite 1243,
Morristown, New Jersey 07960

MICHAEL V. COLVIN
973.532.4904
mcolvin@shumaker.com

o 941.366.6660
f 941.366.3999
shumaker.com

April 2, 2026

**VIA EMAIL:** lw@pwlawyers.com
Leonard Weintraub, Esq.
Paduano & Weintraub LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020

> Re:    *Surya Sapra*

Dear Len:

We represent Surya Sapra ("Mr. Sapra") and write in response to your March 30, 2026, letter regarding Mr. Sapra's departure from Santander Bank, N.A., Santander Holdings USA, Inc. and Santander Securities, LLC (collectively "Santander"). We believe this letter will satisfy any concerns you may have surrounding Mr. Sapra's departure. However, should you have any further concerns, please do not hesitate to contact us to discuss same.

As a threshold matter, Mr. Sapra is in full compliance with his ongoing contractual obligations, has acted in compliance with industry standards as a FINRA Associated Person, and has conducted himself in good faith following the termination of his employment with Santander. I have reviewed the contents of your letter with Mr. Sapra and can confirm that Mr. Sapra is not in possession of any confidential information or client information belonging to Santander. We have attached the documents to this letter for you to review and confirm their non-confidential nature.

Your letter references several documents that Mr. Sapra emailed to his personal email addresses, including documents entitled "Capital Markets Assumptions," "Market Volatility Talking Points," and "Financial Wellness Checklist". Mr. Sapra can explain each of these items and their nature.

The documents your letter characterizes as "highly confidential Santander documents" are, in fact, talking points that Mr. Sapra personally created from listening to podcasts and reading articles that are readily available on the internet. These documents are not proprietary Santander materials. They reflect standard operational tasks for a financial advisor: basically outlines or notes to himself to improve his practice and update his knowledge of relevant market conditions. Importantly, as you can see, they contain no client information or confidential Santander information whatsoever.

With respect to the spreadsheet referenced in your letter, this was a document that Mr. Sapra intended to use solely for himself and his family in the event of his death or incapacitation. Mr. Sapra acquired the spreadsheet template from a well-known podcast and populated it with

39316522v2
39316522v3

# SHUMAKER

89 Headquarters Plaza North
Suite 1243,
Morristown, New Jersey 07960

personal information for estate planning purposes. This document is entirely personal in nature and has no connection to Santander's confidential or proprietary information. These were personal documents that Mr. Sapra worked on primarily during his own time, at night and on weekends, and not during the course of his duties for Santander. They do not create nor were they retained for any unfair competitive advantage related to his move to Ameriprise.

Mr. Sapra has not shared any Santander information with Ameriprise Financial Services, LLC ("Ameriprise"), and was never asked by Ameriprise to create any documents from any Santander information.

Mr. Sapra has permanently deleted all of the documents and emails referenced in your letter from his personal email accounts. There are no copies of these documents remaining in Mr. Sapra's possession, custody, or control in any form. We have retained the subject documents as counsel for Mr. Sapra.

Mr. Sapra has been performing his transition with the utmost professionalism, in accordance with relevant industry standards and any valid provisions of his Santander contract. He has not solicited any of Santander's clients or employees, and he has not used or disclosed any confidential information belonging to Santander.

Given the explanations set forth above and the provision of the subject documents to you as counsel for Santander, Santander's demand that Mr. Sapra execute a Statement Under Oath in the form attached to your letter is unnecessary, as Mr. Sapra has fully accounted for the documents at issue and has confirmed that he is not in possession of any Santander confidential information.

It is our hope that the explanations contained herein satisfy Santander's inquiries into the circumstances regarding Mr. Sapra's departure, and we look forward to working with you in good faith to resolve any remaining issues. Please do not hesitate to contact my office if you wish to discuss this matter further. Nonetheless, Mr. Sapra reserves all rights.

Very truly yours,

*/s/ Michael V. Colvin*

Michael V. Colvin, Esq.

39316522v2
39316522v3